

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

**COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983**

Action Number ___1:22-CV-00206(PTG/IDD)___
(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I.   **PARTIES**

A.   Plaintiff:

   1.   (a) __Amber Lucas__      (b) __1580927__
           (Name)                      (Inmate number)

   (c) __2841 River RD. West__
       (Address)

   __Goochland, Virginia 23063__

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.**

B.   Defendant(s):

   1.   (a) __Donald Wilmouth__      (b) __Previous Warden__
           (Name)                         (Title/Job Description)

   (c) __Unknown__
       (Address)



(Rohaulse)

2.    (a) Correctional Officer, Rohaulse    C/O
(Name)                                (Title/Job Description)

(c) Unknown
(Address)

3.    (a) . Ramous    (b) Captin
(Name)                                (Title/Job Description)

(c) Employee at V.C.C.W
(Address)

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

·Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.

## II.    PREVIOUS LAWSUITS

A.    Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?    Yes [✓]    No [ ]

B.    If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

1.    Parties to previous lawsuit:

Plaintiff(s) Amber Renee Lucas

Defendant(s) Cummings et al.

2.    Court (if federal court, name the district; if state court, name the county):

United States District Court for the Eastern District (Alexandria)

3.    Date lawsuit filed: 2/28/2022

4.    Docket number: 1:22-CV-00206 (PTG/IDD)

Added Defendants

4) R. Williams    -    Correctional Officer

Address: Employee here at V.C.C.W

5) D. Scruggs    -    Sergeant

Address: Employee at V.C.C.W

6) Spencer    -    Sergeant

Address: Employee at V.C.C.W

Continued for Defendant Donald Wilmarth of the use of a toilet. The mental, emotional, and physical injuries at this point are severe. See Young v. Quinlan, 960 F.2d 351, 364-65 (3d Cir. 1992.) Compensatory Damages in the amount of $300,000.00 Punitive Damages in the amount of $900,000.00 Nominal Damages in the amount of $300,000.00 The PLRA says you must exhaust remedies that are "available." If remedies were not available at the time you needed to exhaust, you can proceed with your case without exhaustion. I have in fact exhausted all remedies that were available to me during the Covid-19 Lockdown. See Operating Procedure 866.1 Offender Grievance Procedure. Amended 06/01/2022.

5.    Name of Judge to whom case was assigned: _Magistrate Judge_
_Ivan D. Davis_

6.    Disposition (Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?) : _Still pending_

## III.    GRIEVANCE PROCEDURE

A.    At what institution did the events concerning your current complaint take place: _Virginia Correctional Center for Woman_

B.    Does the institution listed in "A" have a grievance procedure? Yes [✓] No [   ]

C.    . If your answer to "B" is Yes:

1.    Did you file a grievance based on this complaint? Yes [✓] No [   ]

2.    If so, where and when: _4-7-20, 4-4-20, 4-9-20, 12-15-21, 3-7-22, 3-23-22_

3.    What was the result? _Unfounded_

4.    Did you appeal? Yes [✓] No [   ]

5.    Result of appeal: _Unfounded_

D.    If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [   ] No [   ]

If your answer is Yes, what steps did you take? _____

E.    If your answer is No, explain why you did not submit your complaint to the prison authorities:

## IV.    STATEMENT OF THE CLAIM

State here the facts of your case.  Describe how each defendant is involved and how you were harmed by their action.  Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets if necessary.

4-2-2020. Defendant Donald Wilmouth is liable of Indirect Participation of the series of events that occurred on 4-2-20, 4-4-20, 4-9-20. He knew or reasonably should have known this policy or regulation, the order giver of this would cause a constitutional violation.

(1) 4-2-2020 continued. I was locked in my cell with NO access to a toilet for over an Hour. Causing me to be in extreme pain and discomfort. Which caused Urinary Tract Infections. Donald Wilmouth was the order giver (The warden) of these constitutional violations.

4-4-2020 (2) Once again after I was denied access to a toilet, I was forced to urinate in My Cup due to not being able to hold my urine any longer. Causing Urinary Tract Infections, Pain and discomfort, mental and emotional anguish, and Humiliation.

(3) 4-9-2020 Again I was locked in my cell and denied the use of a toilet from 6:33AM up until 7:55AM. This caused me to be in extreme pain and has continued to cause Injury to my Bladder from reoccurring Urinary Tract Infections do to this on-going denial

12-15-2021 into 12-16-2021. Defendants Correctional Officer Rohaulse and Captin Ramous. Defendant Rohaulse was a Direct Participant in this violation of my Constitutional rights. However she was only following the orders of her supervisor Captin Ramous, I was left locked in my cell without access to a bathroom for extended long periods of time with only 1 officer (Rohaulse on the Hall) Doing the best she could to get to 70 offenders who were banging on locked cell doors for bathroom access. Once I was let out to use the bathroom, I then spoke to Officer Rohaulse about the ~~situation~~ situation going on. She agreed this was not appropriate action during a lockdown. As I stood waiting she called Captin Ramous and placed the call on speaker for me to hear this was an order given by her Superior Captin Ramous. Therefore Captin Ramous acted as an Indirect Participant in this matter. Captin Ramous is Guilty of Failure to Act.

Defendants Rohaulse and Ramos cause me severe pain, mental and emotional anguish along with fearing for my saftey. while in State custody.

Correctional Officer Rohowse requested relief
Punitive $ Damages in the amount of $1.00.00
Nominal $ Damages in the amount of $200.00

Caption Ramous requested relief
Punitive $ Damages in the amount of $100,000.00
Nominal $ Damages in the amount of $100,000.00

03/07/2022 Correctional Officer R. Williams
and Sergeant D. Scruggs are both
Defendants on this specific incident.
While locked down l pushed my alert
button and even resorted to bang loudly
on my cell door to notify staff l had an
Emergency. 2 V.C.C.W staff members
were present on 6-2 Hall yet l was
still unattended to and ignored. By
this time l had menstrual Blood running
down my Legs (thighs) and also was
forced to urinate in my Bowl and left
to clean up the best l could until l
was let out to have access to the
toilet/Water/and Shower.

Both Defendants R. Williams and D. Scruggs should be held guilty of reckless or deliberately indifferent in regards to this incident. "Plaintiff's need for reasonably adequate sanitation. See Mitchell v. Newryder, 245 F. Supp. 2d 200, 204-05 (D. Me. 2003).
Thus causing me Pain and Discomfort, mental and emotional anguish, and severe humiliation.

Correctional Officer R. Williams requested relief in the amount of:
Compensatory $ Damages-$200,000.00
Punitive $ Damages-$ 200,000.00
Nominal $ Damages-$ 200,000.00

Sergeant D. Scruggs relief in the requested amount of:
Compensatory $ Damages-$250,000.00
Punitive $ Damages-$ 250,000.00
Nominal $ Damages-$ 250,000.00

3/23/2022. Defendant Sergeant Spencer should be held liable of reckless or deliberately indifferent in regards to Plaintiffs need for reasonably adequate Sanitation. SGT Spencer refused to let me have access to the bathroom as I stepped out of my cell at 5:50Am. Spencer asked me/ordered me to step back in and secured my cell door shut. At 6:08Am I could no longer tolerate the pain nor hold my urine and was forced to urinate in My cup. Causing me Extreme pain, pressure, and discomfort. Followed by a Urinary Tract Infection as well as mental anguish and severe humiliation.

Sergeant Spencer requested relief in

Compensatory $Damages in the amount of $300,000.00
Punitive $Damages in the amount of $600,000.00
Nominal $Damages in the amount of $300,000.00

## V.    RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _AnL_ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

_✓_ Award money damages in the amount of $ _Individually amounts of (see last page)_

_✓_ Grant injunctive relief by _No more locked cell doors with the_

_____ Other _exception of "Actual" Count time. Then unlocked only for Emergencies. (Restroom) etc._

## VI.    PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

_Virginia Correctional Center for Women (V.C.C.W)_
_P.O. Box 1_
_Goochland, VA 23063_

## VII.    CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

Do you consent to proceed before a U.S. Magistrate Judge: Yes [✓] No [   ]. You may consent at any time; however, an early consent is encouraged.

## VIII.    SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this _16th_ day of _October_ , 20 _22_ .

Plaintiff _Amber Rhoads_

① Defendant Donald Wilmoth
Award money damages in the amount of:
Compensatory Damages - $300,000.00
Punitive Damages - $900,000.00
Nominal Damages - $300,000.00
           Total $1,500,000.00

② Defendant Rohaulse
Award money damages in the amount of:
Punitive Damages - - - $100.00
Nominal Damages - $200.00
           Total $300.00

③ Defendant Ramos
Award money damages in the amount of:
Punitive Damages - $100,000.00
Nominal Damages - $100,000.00
           Total $200,000.00

④ Defendant R. Williams
Award money damages in the amount of:
Compensatory Damages - $200,000.00
Punitive Damages - $200,000.00
Nominal Damages - $200,000.00
           Total $600,000.00

Signed this 16ᵗʰ day of October, 2022.

Plaintiff Anllu Oliv000

⑤ Defendant D Scruggs
Award money damages in the amount of:
Compensatory Damages - $250,000.00
Punitive Damages - $250,000.00
Nominal Damages - $250,000.00
                    Total $750,000.00

⑥ Defendant Spencer
Award money damages in the amount of:
Compensatory Damages - $300,000.00
Punitive Damages - $600,000.00
Nominal Damages - $300,000.00
                    Total $1,200,000.00

Signed this 16th day of October, 2022.

Plaintiff Amlu Lucas