# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| Amber Renee Lucas,<br>    *Plaintiff*,<br><br>v.<br><br>D. Cummings, *et al.*,<br>    *Defendants*. | Case No. 1:22-cv-206 (PTG/IDD) |

## MEMORANDUM OPINION & ORDER

This is a civil rights action filed under 42 U.S.C. § 1983 by Plaintiff Amber Renee Lucas, who was incarcerated at the Virginia Correctional Center for Women (or "VCCW") when she initiated the action. Ms. Lucas is proceeding *pro se*. In her Second Amended Complaint, Ms. Lucas alleges that she was denied access to the restroom on several occasions during her incarceration. *See* Dkt. 27 ("SAC"). The matter is before the Court on Defendants' Motion to Dismiss (Dkt. 45),[1] as well as Ms. Lucas' Motion for Extension of Time (Dkt. 48), Motion to File Oversized Response (Dkt. 50), Motion for Preliminary Injunction (Dkt. 41), and Motion to Appoint Counsel (Dkt. 42). For the reasons explained below, the Court grants Ms. Lucas' Motion for Extension of Time and Motion to File Oversized Response, and Defendants' Motion to Dismiss. The Court denies Ms. Lucas' Motion for Preliminary Injunction and Motion to Appoint Counsel.

### I. Motion for Preliminary Injunction

The Court will first turn to Ms. Lucas' Motion for Preliminary Injunction. Through the Motion, Ms. Lucas seeks an order directing officials at VCCW to leave cell doors unlocked so that

---

[1] In the Motion to Dismiss, counsel states that Ms. Lucas misspelled Defendant Ramos' surname in her SAC. *See* Dkt. 46 at 1 n.2. In this Opinion, the Court will use the correct spelling of Defendant Ramos' surname and will direct the Clerk to correct the caption.

inmates can travel freely to the restroom. Dkt. 41 at 3. Ms. Lucas was recently released from prison, meaning that her request for injunctive relief is now moot. *See* Dkt. 54 (notice that Ms. Lucas is no longer incarcerated); *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (holding that, "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there"). Thus, the Motion for Preliminary Injunction is denied (Dkt. 41).

## II. Motion to Dismiss

Next at issue is the Motion to Dismiss (Dkt. 45) filed by Defendants Scruggs, Williams, Spencer, and Ramos. Defendants' Motion was accompanied by a *Roseboro* notice advising Ms. Lucas of her right to respond, which she has done.[2] Dkts. 47, 50. Defendants have not filed a reply. The Court considers the Motion to Dismiss fully briefed. For the reasons that follow, the Motion is granted.

### A.  *Standard of Review*

"A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint; it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the factual content of a complaint 'allows the court to draw the reasonable inference

---

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). As mentioned above, Ms. Lucas sought an extension of time to oppose Defendants' Motion to Dismiss and leave to file an oversized opposition. Dkts. 48, 50. Her requests are granted *nunc pro tunc* to their dates of filing.

2

that the defendant is liable for the misconduct alleged.'" *Nemer Chevrolet, Ltd. v. Consumeraffairs.com Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). A complaint must therefore allege specific facts in support of each element of each claim a plaintiff raises. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice. *Iqbal*, 566 U.S. at 678.

### B. *Analysis*

In her SAC, Ms. Lucas claims four factual bases for relief:

1. Defendant Wilmouth ordered lockdowns which resulted in Ms. Lucas being denied access to the restroom on April 2, 4, and 9, 2020 ("Claim 1"). Dkt. 27 at 6 ("SAC").[3]

2. Defendant Ramos issued orders on December 15 and 16, 2021, which resulted in Ms. Lucas being locked in a cell without access to a restroom for "extended long periods" ("Claim 2"). *Id.* at 7–8.

3. On March 7, 2022, Defendants Williams and Scruggs refused to allow Ms. Lucas to use a restroom ("Claim 3"). *Id.* at 9–10.

4. On March 23, 2022, Defendant Spencer refused to allow Ms. Lucas to use a restroom ("Claim 4"). *Id.* at 11.

Because Ms. Lucas' claims concern the conditions of her confinement at VCCW, they arise under the Eighth Amendment.[4] An Eighth Amendment claim requires proof of two elements: that (1) a prisoner suffered a "deprivation of [a] basic human need" that was objectively "sufficiently serious" and (2) that, subjectively, defendants acted with a "sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (alteration in original) (quotation marks and

---

[3] The Court cites to pagination from the header of the SAC, as the document itself was not filed with pagination.

[4] Ms. Lucas argues in her Opposition that her claims should be assessed under an excessive force framework. Dkt. 50 at 33. There is no basis for this argument because Ms. Lucas does not plausibly allege in her FAC that Defendants used force upon her.

3

citations omitted). To satisfy the first element and plausibly allege a "sufficiently serious" deprivation, the deprivation must be "extreme." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citations omitted). An extreme deprivation causes "a serious or significant physical or emotional injury" or creates "a substantial risk of such serious harm resulting from ... exposure to the challenged conditions." *Id.* (internal quotation marks and citation omitted). As for the second element, a defendant acts with deliberate indifference when he knows of circumstances from which an inference could be drawn that the plaintiff faced a "substantial risk of serious harm," does draw that inference, and then disregards the risk posed. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

1. **Claim 1**

In Claim 1, Ms. Lucas alleges that Defendant Donald Wilmouth, the previous warden of VCCW, issued an order that apparently resulted in her inability to freely access a restroom. SAC at 6 (calling Defendant Wilmouth "the order giver"). She therefore asserts that Defendant Wilmouth "is liable of Indirect Participation of the series of events that occurred on 4-2-20, 4-4-20, 4-9-20" and "knew or reasonably should have known this policy or regulation . . . would cause a constitutional violation." *Id.*

Because Ms. Lucas asserts that Defendant Wilmouth is indirectly liable for the harm she alleges, the Court construes her claim as one seeking relief under a theory of supervisory liability.[5] To state such a claim, a complaint must allege facts that demonstrate (1) that the supervisor knew his or her subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) that the supervisor's response showed "deliberate indifference to or tacit

---

[5] Because there is no allegation that Defendant Wilmouth ever directly or personally denied Ms. Lucas access to a restroom, there is no basis for construing the SAC as seeking relief for a direct Eighth Amendment violation.

4

authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between the supervisor's inaction and the constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and citations omitted).

The SAC's allegations do not meet this standard. With respect to the first element of the test, the pleading does not allege with any specificity what the terms of Defendant Wilmouth's order were. Rather, the SAC merely claims that he issued one. SAC at 6. Without additional information regarding the terms of Defendant Wilmouth's order, the Court cannot reasonably infer that Defendant Wilmouth would have known his subordinates were engaged in activity that posed a risk to VCCW inmates' constitutional rights. And, as to the second element, there is no plausible allegation that Defendant Wilmouth ever learned that VCCW inmates such as Ms. Lucas were struggling to access restrooms for extended periods of time. All that Ms. Lucas includes is a conclusory statement that Defendant Wilmouth "knew or reasonably should have known . . . this would cause a constitutional violation." *Id.* Without plausibly alleging such knowledge, Ms. Lucas fails to allege that Defendant Wilmouth could have acted with deliberate indifference. *See, e.g., Brown v. Wells*, 2023 WL 6976740, at *2 (E.D. Wisc. Oct. 23, 2023) ("[Defendants] cannot have been deliberately indifferent to a risk they did not know about."). For these reasons, the Court will dismiss Claim 1 for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).[6]

---

[6] Defendant Wilmouth was never successfully served in this action because he was not a party at the time of service and is not a party to the pending Motion to Dismiss. Dkt. 33 at 1. Despite this, it is the Court's duty to dismiss *in forma pauperis* actions that "fail[] to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This is an action in which Ms. Lucas is proceeding *in forma pauperis*, and the Court finds that the SAC fails to state a claim for relief against Defendant Wilmouth as explained herein.

### 2. **Claims 2, 3, and 4**

In Claim 2, Ms. Lucas alleges that, between December 15 and 16, 2021, Defendant Ramos issued orders that prevented her from accessing the restroom for "extended long periods." SAC at 7. Although Ms. Lucas was allegedly let out to use the restroom, she suffered "severe pain, mental and emotional anguish" and "fear[] [for her] safety" before that occurred. *Id.* at 8. In Claim 3, meanwhile, Ms. Lucas asserts that, on March 7, 2022, she "pushed [her] alert button and ... bang[ed] loudly on [her] cell door to notify staff [she] had an emergency." *Id.* at 9. By the time Ms. Lucas was let out of her cell that day, there was menstrual blood on her legs and she had already urinated in a bowl. *Id.*

"Adequate access to bathroom facilities is a human need." *Karn v. PTS of America, LLC*, 590 F. Supp. 3d 780, 814 (D. Md. 2022). However, there equally is no constitutional right to immediate access to a bathroom on demand. *See Abdur-Reheem-X v. McGinnis*, 198 F.3d 244 (Table), 1999 WL 1045069, at *2 (6th Cir. 1999) ("[T]he Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets."). As to each of these claims, the SAC fails to state how long Ms. Lucas was forced to remain in her cell before being allowed to use a restroom. This information is relevant to the potential level of harm Ms. Lucas faced and thus to whether she has plausibly alleged that the conditions of her confinement were unconstitutional.

District courts assessing similarly vague complaints have dismissed claims or actions at least in part on the basis that the complaints lacked allegations as to the length of time the plaintiffs endured the particular conditions about which they complained. *See, e.g., Kalson v. Scott*, 2023 WL 5002461, at *3 (W.D. Tex. Aug. 4, 2023) (finding plaintiff had failed to state a claim in part on the basis that his "description of the conditions in the cell are somewhat vague and he does not state how long he remained in the cell"); *Tyler v. Lake Station Police Dep't*, 2021 WL 1738667,

6

at *3 (N.D. Ind. Apr. 30, 2021) (in context of Fourth Amendment claim finding a complaint's allegations "impermissibly vague" in that they did not describe where search occurred or "state how long the entire interaction lasted"). Because Ms. Lucas fails to plausibly allege sufficient facts in Claim 2 as described above, it will be dismissed for failure to state a claim.

Furthermore, with respect to Claim 3, the SAC fails to plausibly allege that Defendants Williams and Scruggs had any knowledge of Ms. Lucas' needs on the day in question. Indeed, the pleading alleges only that "Williams and . . . Scruggs are both Defendants on this specific incident" and lacks any other allegations implicating them in the matter. SAC at 9. Although the SAC alleges that Ms. Lucas pushed an alert button and banged on her cell door in an effort to be released, it does not provide any information to allow for an inference that Williams or Scruggs were the individuals responsible for fielding alert button requests or that they were present to hear Ms. Lucas' calls. *Id.* Without allegations such as these, the Court cannot draw a reasonable inference that Defendants Williams or Scruggs were aware of Ms. Lucas' needs, and these Defendants cannot have been deliberately indifferent to those needs without first being aware of them. *See Brown*, 2023 WL 6976740, at *2 ("[Defendants] cannot have been deliberately indifferent to a risk they did not know about.").

Claim 4 provides additional information that was missing from Claims 1, 2, and 3. With respect to this claim, the SAC alleges that, on March 23, 2022, Ms. Lucas "stepped out of [her] cell at 5:50 AM," at which point Defendant Spencer "asked [her]/ordered [her] to step back in and secured [her] cell door shut." SAC at 11. Eighteen minutes later, at 6:08 a.m., Ms. Lucas "could no longer tolerate the pain nor hold [her] urine and was forced to urinate in [her] cup." *Id.* This incident allegedly caused Ms. Lucas pain, pressure, discomfort, and later led to the development of a urinary tract infection. *Id.*

7

The Court has already observed above that there is no constitutional right to immediate access to a bathroom. *See Abdur-Reheem-X*, 1999 WL 1045069, at *2 ("[T]he Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets."). Furthermore, there is no allegation in the SAC that Ms. Lucas told Defendant Spencer that her need to use a restroom was urgent or that she was prone to developing urinary tract infections. Put another way, Defendant Spencer's mere denial of Ms. Lucas' access to the restroom is not a basis for relief, and any Eighth Amendment theory against Defendant Spencer fails on the basis that there is no allegation he was aware of a risk that Ms. Lucas faced. Therefore, the Court will dismiss Claim 4 for Ms. Lucas' failure to state a claim as well.

In sum, though the SAC describes incidents that may have caused Ms. Lucas discomfort, pain, and embarrassment, the Constitution sets a high bar for relief that the SAC does not clear. For these reasons, Defendants' Motion to Dismiss is granted.

### III. Other Pending Motions

As stated, *supra* note 2, the Court grants Ms. Lucas' Motion for Extension of Time and Motion to File an Oversized Response *nunc pro tunc* to their times of filing. Accordingly, the Court has considered Ms. Lucas' Opposition to the Motion to Dismiss. But because the Court concludes that the SAC fails to state a claim, her Motion to Appoint Counsel is denied. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (opining that a district court should appoint counsel when "*pro se* litigant has a colorable claim but lacks the capacity to present it"), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989).

## IV. Conclusion

For the reasons stated above, the Court grants Defendants' Motion to Dismiss as well as Ms. Lucas' Motion for Extension and Motion to File an Oversized Response but denies Ms. Lucas' Motion for Preliminary Injunction and Motion to Appoint Counsel. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 45) is **GRANTED**; it is further

**ORDERED** that Ms. Lucas' Second Amended Complaint (Dkt. 27) is **DISMISSED**; it is further

**ORDERED** that Ms. Lucas' Motion for Preliminary Injunction (Dkt. 41) and Motion to Appoint Counsel (Dkt. 42) are **DENIED**; and it is further

**ORDERED** that Ms. Lucas' Motion for Extension of Time (Dkt. No. 48) and Motion to File Oversized Response (Dkt. No. 50) are **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff Amber Renee Lucas, *pro se*, and to counsel of record; to correct the docket sheet to reflect the proper spelling of Defendant Ramos' surname consistent with this Opinion; to enter judgment in favor of Defendants; and to close this civil action.

To appeal this decision, Ms. Lucas must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order Ms. Lucas wants to appeal. Ms. Lucas need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

Entered this 4th day of March, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge